FILED IN OPEN COURT
8.26.09
CLERK, U.S. DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE, FLORIDA

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

UNITED STATES OF AMERICA

v.  CASE NO. 3:09-cr-201-J-34MCR

N&L, INC.

## PLEA AGREEMENT

A. **Particularized Terms**

Pursuant to Fed. R. Crim. P. 11(c), the United States of America, by A. Brian Albritton, United States Attorney for the Middle District of Florida, and the defendant, N&L, INC., and the attorney for the defendant, Scott B. Tulman, Esq., of the Law Offices of Scott B. Tulman & Associates, PLLC, mutually agree as follows:

1. **Count Pleading To**

The defendant shall enter a plea of guilty to Count One of the Information, which charges that on or about July 20, 2004, in Jacksonville, in the Middle District of Florida, the defendant received a payment in its trade or business in excess of $10,000 U.S. currency, that is, cash in the amount of $14,708, and therefore was required by law to make a return on U.S. Treasury Department Internal Revenue Service Form 8300 to the IRS office specified by the Secretary of the Treasury stating certain information about the transaction and, well knowing the legal requirement to make such a return, did willfully fail to make the required return, in violation of Title 26, United

Defendant's Initials _____   AF Approval _____

States Code, Sections 6050I and 7203, and Title 26, Code of Federal Regulations, Section 1.6050I-1.

2. **Maximum Penalties**

Pursuant to 26 U.S.C. § 7203 and 18 U.S.C. §§ 3013(a)(2)(B), 3551(c), 3561(c)(1), and 3571(c)(1), Count One is punishable by a term of probation of not less than one nor more than five years, a fine of up to $100,000, or both, and a special assessment of $400, said special assessment to be due on the date of sentencing.

3. **Elements of the Offense**

The defendant acknowledges understanding the nature and elements of the offense with which defendant has been charged and to which the defendant is pleading guilty. The elements of Count One are:

<u>First</u>: That the defendant received a payment in a trade or business in excess of $10,000 U.S. currency;

<u>Second</u>: That the defendant was required by law to make a return on IRS Form 8300 stating certain information about the transaction;

<u>Third</u>: That the defendant failed to file the return at the time and place required by law; and

<u>Fourth</u>: That the defendant's failure to file the return was willful.

4. **No Further Charges Arising Out of Underlying Conduct**

If the Court accepts this plea agreement, the United States Attorney's Office for the Middle District of Florida agrees not to charge the defendant or any of its present or former owners, officers, or employees with committing any other federal

Defendant's Initials _my_                    2

criminal offenses known to the United States Attorney's Office at the time of the execution of this agreement that arise out of the conduct or the investigation of the conduct forming the basis of the charge in this case. However, the defendant understands that other conduct, in addition to the conduct underlying the charge set forth in the Information, may be considered relevant conduct in the determination of the defendant's sentence under the Sentencing Guidelines and under 18 U.S.C. § 3553.

5. **Payment of Fine - Agreed Amount**

The United States and the defendant agree and stipulate that the payment of a fine in the amount of $60,412.70 is appropriate under the circumstances of this case. However, the defendant understands that the Court is not bound to accept this recommended fine and is authorized to impose a fine and a term of probation up to the maximums set forth in paragraph 2, above. The defendant also understands that if this recommendation is not accepted by the Court, the defendant will not be allowed to withdraw from the plea. The defendant agrees to remit to the United States payment in the full amount of the fine assessed by the Court, by certified or cashier's check or other guaranteed funds made payable to the United States, or as otherwise directed by the United States as to the payee, within 72 hours after the imposition of sentence.

6. **Civil Penalties**

Provided that the defendant pays the fine as required by this agreement, the United States will not seek further civil penalties for violations of 26 U.S.C. §§ 6050I and 7203 and 26 C.F.R. § 1.6050I-1 for the years 2002, 2003, and 2004. This

Defendant's Initials _mmy_          3

agreement applies only to the specific law violations and years referenced in this paragraph and does not apply to other law violations or other years.

7. **Corporate Defendant**

The undersigned corporate officer or representative of the defendant hereby certifies that he or she is authorized by the defendant to act on its behalf, to plead guilty to the charge alleged in the Information, and to enter into this plea agreement, and that a corporate resolution so empowering said officer or representative has been duly made and approved by the defendant. The defendant either has implemented or will, by the time of sentencing, implement an effective program to prevent and detect violations of law, which program shall require the exercise of due diligence, requiring at a minimum that the defendant take the steps set forth in USSG § 8B2.1, so long as the defendant remains an active corporation. The defendant further agrees that such a program may be made a special condition of probation.

B. **Standard Terms and Conditions**

1. **Restitution, Special Assessment and Fine**

The defendant understands and agrees that the Court, in addition to or in lieu of any other penalty, shall order the defendant to make restitution to any victim of the offense(s), pursuant to 18 U.S.C. § 3663A, for all offenses described in 18 U.S.C. § 3663A(c)(1) (limited to offenses committed on or after April 24, 1996); and the Court may order the defendant to make restitution to any victim of the offense(s), pursuant to 18 U.S.C. § 3663 (limited to offenses committed on or after November 1, 1987) or

Defendant's Initials _MY_         4

§ 3579, including restitution as to all counts charged, whether or not the defendant enters a plea of guilty to such counts, and whether or not such counts are dismissed pursuant to this agreement. On each count to which a plea of guilty is entered, the Court shall impose a special assessment, to be payable to the Clerk's Office, United States District Court, and due on date of sentencing. The defendant understands that this agreement imposes no limitation as to fine.

2. **Sentencing Information**

The United States reserves its right and obligation to report to the Court and the United States Probation Office all information concerning the background, character, and conduct of the defendant, to provide relevant factual information, including the totality of the defendant's criminal activities, if any, not limited to the count(s) to which defendant pleads, to respond to comments made by the defendant or defendant's counsel, and to correct any misstatements or inaccuracies. The United States further reserves its right to make any recommendations it deems appropriate regarding the disposition of this case, subject to any limitations set forth herein, if any.

Pursuant to 18 U.S.C. § 3664(d)(3) and Fed. R. Crim. P. 32(d)(2)(A)(ii), the defendant agrees to complete and submit, upon execution of this plea agreement, an affidavit reflecting the defendant's financial condition. The defendant further agrees, and by the execution of this plea agreement, authorizes the United States Attorney's Office to provide to, and obtain from, the United States Probation Office or any victim named in an order of restitution, or any other source, the financial affidavit, any of the defendant's federal, state, and local tax returns, bank records and any other financial

Defendant's Initials _my_      5

information concerning the defendant, for the purpose of making any recommendations to the Court and for collecting any assessments, fines, restitution, or forfeiture ordered by the Court.

3. **Sentencing Recommendations**

It is understood by the parties that the Court is neither a party to nor bound by this agreement. The Court may accept or reject the agreement, or defer a decision until it has had an opportunity to consider the presentence report prepared by the United States Probation Office. The defendant understands and acknowledges that, although the parties are permitted to make recommendations and present arguments to the Court subject to any limitations set forth above, the sentence will be determined solely by the Court, with the assistance of the United States Probation Office. Defendant further understands and acknowledges that any discussions between defendant or defendant's attorney and the attorney or other agents for the government regarding any recommendations by the government are not binding on the Court and that, should any recommendations be rejected, defendant will not be permitted to withdraw defendant's plea pursuant to this plea agreement. The government expressly reserves the right to support and defend any decision that the Court may make with regard to the defendant's sentence, whether or not such decision is consistent with the government's recommendations contained herein.

Defendant's Initials _MM_        6

4. **Defendant's Waiver of Right to Appeal and Right to Collaterally Challenge the Sentence**

The defendant agrees that this Court has jurisdiction and authority to impose any sentence up to the statutory maximum and expressly waives the right to appeal defendant's sentence or to challenge it collaterally on any ground, including the ground that the Court erred in determining the applicable guidelines range pursuant to the United States Sentencing Guidelines, except (a) the ground that the sentence exceeds the defendant's applicable guidelines range as determined by the Court pursuant to the United States Sentencing Guidelines; (b) the ground that the sentence exceeds the statutory maximum penalty; or (c) the ground that the sentence violates the Eighth Amendment to the Constitution; provided, however, that if the government exercises its right to appeal the sentence imposed, as authorized by Title 18, United States Code, Section 3742(b), then the defendant is released from his waiver and may appeal the sentence as authorized by Title 18, United States Code, Section 3742(a).

5. **Middle District of Florida Agreement**

It is further understood that this agreement is limited to the Office of the United States Attorney for the Middle District of Florida and cannot bind other federal, state, or local prosecuting authorities, although this office will bring defendant's cooperation, if any, to the attention of other prosecuting officers or others, if requested.

Defendant's Initials _MY_          7

6. **Filing of Agreement**

This agreement shall be presented to the Court, in open court or <u>in camera</u>, in whole or in part, upon a showing of good cause, and filed in this cause, at the time of defendant's entry of a plea of guilty pursuant hereto.

7. **Voluntariness**

The defendant acknowledges that defendant is entering into this agreement and is pleading guilty freely and voluntarily without reliance upon any discussions between the attorney for the government and the defendant and defendant's attorney and without promise of benefit of any kind (other than the concessions contained herein), and without threats, force, intimidation, or coercion of any kind. The defendant further acknowledges defendant's understanding of the nature of the offense or offenses to which defendant is pleading guilty and the elements thereof, including the penalties provided by law, and defendant's complete satisfaction with the representation and advice received from defendant's undersigned counsel (if any). The defendant also understands that defendant has the right to plead not guilty or to persist in that plea if it has already been made, and that defendant has the right to be tried by a jury with the assistance of counsel, the right to confront and cross-examine the witnesses against defendant, the right against compulsory self-incrimination, and the right to compulsory process for the attendance of witnesses to testify in defendant's defense; but, by pleading guilty, defendant waives or gives up those rights and there will be no trial. The defendant further understands that if defendant pleads guilty, the Court may ask defendant questions about the offense or offenses to which defendant

Defendant's Initials _MM_    8

pleaded, and if defendant answers those questions under oath, on the record, and in the presence of counsel (if any), defendant's answers may later be used against defendant in a prosecution for perjury or false statement. The defendant also understands that defendant will be adjudicated guilty of the offenses to which defendant has pleaded and, if any of such offenses are felonies, may thereby be deprived of certain rights, such as the right to vote, to hold public office, to serve on a jury, or to have possession of firearms.

8. **Factual Basis**

Defendant is pleading guilty because defendant is in fact guilty. The defendant certifies that defendant does hereby admit that the facts set forth in the attached "Factual Basis," which is incorporated herein by reference, are true, and were this case to go to trial, the United States would be able to prove those specific facts and others beyond a reasonable doubt.

9. **Entire Agreement**

This plea agreement constitutes the entire agreement between the government and the defendant with respect to the aforementioned guilty plea and no other promises, agreements, or representations exist or have been made to the defendant or defendant's attorney with regard to such guilty plea.

10. **Certification**

The defendant and defendant's counsel certify that this plea agreement has been read in its entirety by (or has been read to) the defendant and that defendant fully understands its terms.

Defendant's Initials _MM_                    9

DATED this 20th day of August, 2009.

N&L, INC.

By: _____

Min Yang, Manager
(Printed Name and Title)
who is duly authorized by corporate
resolution and otherwise to enter in
this plea agreement to bind the
corporate defendant, N&L, INC.

_____
SCOTT B. TULMAN
Attorney for Defendant

A. BRIAN ALBRITTON
United States Attorney

By: _____
ARNOLD B. CORSMEIER
Assistant United States Attorney

_____
MAC D. HEAVENER
Assistant United States Attorney
Deputy Chief, Jacksonville Division

10

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

UNITED STATES OF AMERICA

v.	Case No. 3:09-cr-201-J-34MCR

N&L, INC.

_____

### PERSONALIZATION OF ELEMENTS

1. Do you admit that on July 20, 2004, in Jacksonville, in the Middle District of Florida, the defendant, N&L, INC., received a payment in its trade or business in excess of $10,000 U.S. currency, that is, cash in the amount of $14,708 from payor China Super Buffet?

2. Do you admit that the defendant was required by law to make a return on IRS Form 8300 stating certain information about the transaction?

3. Do you admit that the defendant failed to file the return at the time and place required by law?

4. Do you admit that the defendant's failure to file the return was willful?

Defendant's Initials _____

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

UNITED STATES OF AMERICA

v.  Case No. 3:09-cr-201-J-34MCR

N&L, INC.

## FACTUAL BASIS

The defendant, N&L, INC., was a wholesale distributor of foods to Chinese restaurants in Florida and Georgia. The defendant was a nonfinancial trade or business required by law to file a return, called a Form 8300, with the Internal Revenue Service ("IRS") whenever it received more than $10,000 in cash setting forth certain information about the transaction. In October, 2003, an IRS examiner visited the defendant's place of business in Jacksonville, Florida, and met with a corporate officer of the defendant as part of a compliance review. The IRS examiner reviewed the defendant's financial records and discovered that in 2003 the defendant had received numerous cash payments in excess of $10,000 from its customers. Although under applicable law a Form 8300 should have been filed for each of these transactions, no Form 8300 was filed for any of the transactions. The examiner provided the corporate officer with a copy of IRS instructions regarding the requirement to file a Form 8300 whenever the defendant received a cash payment in excess of $10,000.

Defendant's Initials _MY_

On December 11, 2003, the examiner returned with a supervisor to the defendant's place of business in Jacksonville, at which time the examiners showed the corporate officer invoices for specific transactions in 2003 that required the fling of a Form 8300. The examiners explained that the forms needed to be completed and provided the corporate officer with blank Forms 8300 to use. Another of the defendant's representatives also was present when these requirements were explained.

Despite these instructions, the defendant did not file any Forms 8300 during 2004, during which it received additional cash payments exceeding $10,000. For example, on July 20, 2004, the China Super Buffet restaurant in Jacksonville paid the defendant cash in the amount of $14,708. Under applicable law, the defendant should have filed a Form 8300 with the IRS reporting certain information about this transaction. Although the defendant knew that it should have filed a Form 8300, it willfully failed to do so.

Defendant's Initials _MY_   2