UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

UNITED STATES OF AMERICA,

v.   CASE NO.3:09-CR-201-J-34MCR

N&L, INC.

SENTENCING MEMORANDUM
ON BEHALF OF N&L, INC.

Defendant N&L, Inc. ("N&L"), by and though its undersigned counsel, respectfully submits this sentencing memorandum in connection with its sentencing scheduled for January 11, 2010 at 1:30 p.m. For all of reasons set forth below, we respectfully recommend that the Court sentence N&L to pay a fine in the amount of $60,412.70, to be paid in full within 72 hours after imposition of sentence. We also request that a probationary sentence not be imposed because N&L intends to dissolve once it has met its legal obligations.

I.   Legal Principles Governing Sentencing

We presume the Court's familiarity with the legal principles governing sentencing and are confident the Court will make an individualized assessment of N&L, give the advisory guidelines the respect and consideration they deserve, but adhere to the "overarching" directive of Title 18 U.S.C. Section 3553(a) that the Court consider all of

the 3553(a) factors and impose a sentence not greater than necessary to accomplish the goals of sentencing. See <u>Gall v. United States</u>, ___ U.S. ___, 128 S.Ct. 586 (2007); <u>Kimbrough v. United States</u>, ___ U.S. ___, 128 U.S. 558 (2007); <u>United States v. Booker</u>, 543 U.S. 220 (2005).

II.  <u>The Plea Agreement and Advisory Guidelines</u>

On August 7, 2009, N&L entered into a written plea agreement with the Government to plead guilty to one court of Receiving Payment in Excess of $10,000 Without Making a Required Return in violation of 26 U.S.C. 6050I and 7203. N&L fully cooperated with the Government in the investigation of its misconduct (which had no specifically identifiable victim), and stipulated and agreed to pay a fine of $60,412.70 within 72 hours of sentencing.

The Presentence Investigation Report calculates N&L's offense level at 20 premised on the total value of all invoices for which Form 8300's were not filed. This valuation overstates the seriousness of N&L's offense since the offense conduct involved only the failure to file appropriate forms, without any underlying nefarious purpose to benefit or cause loss to others. There is no evidence that the underlying proceeds were the fruits of any unlawful activity. Instead, this case involved a failure to correct an improper practice of failing to obtain information from customers and file required forms, even after being directed to do so after a routine civil audit.

III.  <u>Analysis Under Section 3553(a)</u>

We make the following observations:

First, the parties, after extensive negotiations over the various factors to be considered in imposing sentence, have stipulated and agreed in a plea agreement that the

2

recommended fine is a reasonable one, under all of the facts and circumstances. Allowing the parties to enjoy the benefit of their negotiated plea serves the interests of justice in this case.

Second, as observed in the Presentence Investigation Report at ¶ 11, N&L, Inc.'s offense behavior had no impact on any specifically identifiable victim. No tax loss was suffered by the failure to file the Form 8300's with the Internal Revenue Service.

Third, N&L, Inc's offense behavior was mitigated by its having no pecuniary or other nefarious motive for failing to file the Form 8300's with the Internal Revenue Service, other than to avoid the disagreeable duty of having to obtain private information from restaurant customers so that forms could be filed. The cash proceeds received from restaurants were received in the ordinary course of N&L's business, and N&L did not gain in any way from its failure to file Form 8300's. This is not a situation where the failure to file Form 8300's identifying cash payments is related to other offense conduct, such as money laundering, or narcotics trafficking.

Fourth, it was N&L's timely failure to comply with directives from Internal Revenue Agents after a civil audit that led to the instant criminal case. Had N&L simply complied with the directions, no criminal referral would have been made and N&L would at most been subject to a small civil fine of $100 for each invoice for which a Form 8300 was not filed. The recommended fine is a harsh punishment for N&L's failure to abide by the directions of the Internal Revenue agents, and specific and general deterrence is achieved by the harsh fine that the parties have stipulated and agreed is appropriate.

WHEREFORE, N&L, Inc. respectfully recommends that the Court sentence it in accordance with the Plea Agreement between the parties.

Respectfully submitted,

/s/ Scott B. Tulman
Scott B. Tulman
LAW OFFICES OF SCOTT B. TULMAN
& ASSOCIATES, PLLC
369 Lexington Avenue, 15th Floor
New York, New York  10013
(212) 867-3600
(212) 867-1914 (facsimile)
stulman@tulmanlaw.com

CERTIFICATE OF SERVICE

I hereby certify that on January 6, 2010, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system, which will send a notice of electronic filing to the following CM/ECF participants:

Arnold B. Corsmeier
US Attorney's Office – FLM
300 N Hogan Street
Jacksonville, FL  32202
(904) 301-6300

/s/ Leonard S. Magid
Leonard S. Magid